Chancellor Desaussure.
In this case the commissioner, by his report, charged the estates of John Lide and Malachi Bedgegood, who were the first acting executors of Smith, with certain debts due to Smith at the time of his death, on the ground of laches in recovering them. The debts were, one against Fields, on judgment, two on judgments ágainst M'Niel and Cook, and M'Niel and Miles King, and one against the late Judge WTds and Elisha Parker, on open account.
*280 The executor, Lide, was proved to have acted with great diligence in his executorship; he ordered a levy to he made upon the property of Fields; which was done; and he then, granted a stay of execution- The debtor, Fields, was then solvent. Judge Wilds was appointed executor in the will, but did not act; and he had demands against Smith for professional services performed while he was at the bar. Under this con* sideration, and the general wish to indulge the estate of Judge Wilds, Lide did not have the debt liquidated. It appears that Lide proceeded to obtain judgments in the other Cases, and died in about 18 months after he qualified and acted as executor. Bedgegood then undertook the administration; gave a stay of execution in the case of M‘Niel and Cook, .and died in about 13 months after he qualified. The debtors were all then good;' hut have since become insolvent. The concern of Smith was' extensive; was carried on in the country for about 15 years.,. These are the only bad debts, and the application to make the estates of Lide and Bedgegood liable, comes from the legatee. Under these circumstances, I am of opinion it would be a harsh measure to make the executors liable.
They are always protected by this court where they have? acted conscienciously “and for the best.” Eq. Rep. 124. If any one should be made liable, it was the surviving executor. Sanders, who died insolvent.
Some confusion arises in the statement of the case from blending the debts of Wilds and Parker, as if it had been a joint debt on open account; which could not well be, unless they had been engaged in a joint concern. No papers which have been brought to the view of the court hate stated the fact explicitly, and I take that to have been the case. Upon the whole» however, I do not think the executors should be made liable, a? by the decree of the circuit court.
It is ordered and adjudged that the decree of the circuit court be reversed.
Chancellors Gaillarc/, Wcties, and .Tames, concurre,cS--